IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| 15) ELIZABETH GABRIELLE MANN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to File Under Seal [Doc. 803].

The Defendant, through counsel, moves the Court for leave to file her Response [Doc. 804] under seal in this case. For grounds, counsel states that the memorandum contains personal information and medical information concerning the Defendant. [Doc. 803].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed her motion on February 22, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from filings in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the filing at issue here. As for other information a defendant seeks to seal, the Court should consider the privacy interests of individuals related to a criminal case without undermining the public interest in access to the judicial process, particularly including information material to understanding the case. Id. at 492. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. However, the more significant the information to any relief a defendant seeks, the less likely it should be placed in the record under seal.

In the present case, the Defendant's Response contains personal information regarding her substance abuse history and mental health.

Defendant's substance abuse history and mental health, however, are central to the argument Defendant makes in favor of leniency and acceptance of responsibility. In balancing the Defendant's right to privacy regarding matters that are peripheral to the relief she seeks against the public's right to know of the proceedings of this Court and the basis for its decisions, the Court in its discretion denies the Motion to Seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File Under Seal [Doc. 803] is **DENIED**. The Clerk of Court is directed to unseal the Defendant's Response [Doc. 804] upon the entry of this Order.

**IT IS SO ORDERED.**

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge