THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-15

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ELIZABETH GABRIELLE MANN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. 883] and the Government's Motion for Extension of Time [Doc. 902].

**I.  BACKGROUND**

For more than a year prior to November 10, 2020, Federal, State, and Local law enforcement agencies investigated a methamphetamine trafficking organization in Western North Carolina.  [Doc. 739 at ¶ 46].  During this investigation, law enforcement learned that Elizabeth Gabrielle Mann ("Defendant") was distributing methamphetamine from a residence in Sylva, North Carolina.  [Id. at ¶ 47].  On November 10, 2020, while conducting surveillance, law enforcement observed a black Jeep Cherokee leaving the

residence. [Id.]. Multiple officers followed the vehicle and observed that its driver was speeding and making erratic movements. [Id. at ¶¶ 47-48]. After the vehicle was stopped, Defendant, a passenger in the vehicle, consented to a search of her person. [Id. at ¶¶ 48, 51]. Officers located $328.00 in her wallet, a plastic baggie containing heroin residue within her bra, and a bag containing approximately thirty-three grams of 100% pure "actual" methamphetamine hidden near her groin area. [Id. at ¶ 51].

At the time of this incident, Defendant had previously been convicted of selling methamphetamine, possession of cocaine, possession of methamphetamine, and possession of a firearm by a felon. [Id. at ¶¶ 73, 76-77]. For selling methamphetamine, Defendant initially received a suspended sentence of 13 to 25 months and was placed on probation, but her probation was subsequently revoked for, among other reasons, committing new law violations. [Id. at ¶ 73]. Defendant's possession of cocaine, possession of methamphetamine, and possession of a firearm by a felon convictions were consolidated and she was sentenced to 14 to 26 months for those offenses, as well as a term of post release supervision. [Id. at ¶¶ 76-77]. Defendant had not yet completed this term of supervision when the incident that gave rise to this matter occurred. [Id. at ¶¶ 77, 79].

2

A federal grand jury indicted Defendant and charged her with one count of conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C), and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Doc. 3]. Defendant entered into a written plea agreement with the Government, thereby pleading guilty to the conspiracy count. [Docs. 678; 694].

Prior to Defendant's sentencing, the Court's probation office submitted a presentence report and calculated that her total offense level was 25. [Doc. 739: PSR at ¶ 70]. The Defendant was assessed six criminal history points related to her prior convictions, as well as two criminal history "status" points because she committed the present offense while on post release supervision. [Id. at ¶¶ 78-79]. Thus, Defendant received eight criminal history points in total, corresponding to a criminal history category of IV. [Id. at ¶ 80]. Based on an offense level of 25 and a criminal history category of IV, the probation office calculated an advisory guidelines range of 84 to 105 months' imprisonment. [Id. at ¶ 122]. On February 12, 2023, the Court sentenced Defendant to 84 months' imprisonment, the low end of the guideline range. [Doc. 811].

Defendant, proceeding *pro se*, now moves for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 883]. The Government consents to Defendant's motion and requests that her sentence be reduced to a term of 70 months.[1] [See Doc. 901 at 3].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process. At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." United States v. Martin, 916 F.3d 389, 395 (4th

---

[1] The Government filed its response to Defendant's motion one day after its deadline for so filing passed. Thus, contemporaneous with its response, it also filed a motion seeking an extension. [See Doc. 902]. Considering the substance of the Government's response, this motion will be granted.

4

Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). In so doing, the Court "begin[s] by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

### III. DISCUSSION

At the time that Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if a defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has six criminal history points or less and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A

and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d). This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

Defendant is eligible for relief under Amendment 821. At sentencing, she was assigned a total of eight (8) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of IV. [Doc. 739 at ¶¶ 78-80]. With the revision to § 4A1.1 under Amendment 821, Defendant would receive zero status points, reducing her criminal history score from eight to six. That score corresponds to a criminal history category of III, which when combined with a total offense level of 25 results in a revised advisory guidelines range of 70 to 87 months. [Doc. 903: Supplement to PSR at 2].

Having determined the amended guideline range that would have been applicable to Defendant had the relevant amendment been in effect at the time of her initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part. Since being in the custody of the Bureau of Prisons,

6

Case 1:21-cr-00070-MR-WCM   Document 906   Filed 07/02/24   Page 6 of 8

Defendant has received two disciplinary infractions. [Doc. 903 at 2]. However, both were non-violent and relatively minor. [Id.]. She has also completed a drug education program, has a work assignment, [id. at 3], and represents that she is on a waiting list to take more classes. [Doc. 883 at 4]. Additionally, while Defendant's criminal record is moderately lengthy, most of her offenses, including the instant count of conviction, are non-violent in nature. Thus, on balance, a reduction in Defendant's sentence comparable to that which was originally imposed—at the bottom end of her guideline range—is warranted in this case.

## IV. CONCLUSION

In sum, having considered the sentencing objectives set forth in § 3553(a), the Court concludes that a reduction in Defendant's sentence is consistent with the purposes of sentencing. Accordingly, Defendant's motion will be granted, and her sentence will be reduced to a term of seventy (70) months.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines [Doc. 883] is hereby **GRANTED,**

7

Case 1:21-cr-00070-MR-WCM   Document 906   Filed 07/02/24   Page 7 of 8

and Defendant's sentence is hereby **REDUCED** to a term of **SEVENTY (70) MONTHS.**

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time [Doc. 902] is hereby **GRANTED.**

The Clerk of Court is respectfully directed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge